The Honorable Vic Snyder State Senator 324 South Valmar Little Rock, AR 72205
Dear Senator Snyder:
This is in response to your request for an opinion on the following question:
 Can a county collector accept full payment of ad valorem taxes after the October 10 deadline and subsequently bill a delinquent taxpayer for the resulting penalty and cost?
It is my opinion that the collector in all likelihood has the authority to establish such a procedure. As you note, however, the taxpayer in that instance would still be considered delinquent.
As was pointed out in the material attached to your request, it was concluded in Attorney General Opinion 90-040 (see also Op. Att'y Gen.90-040A) that the partial payment of delinquent taxes is not contemplated under the Arkansas Code, and that the collector may refuse to accept any such partial payment. See also Op. Att'y Gen. 94-143. This was based in part upon the fact that while the initial payment of taxes in installments is authorized, in accordance with A.C.A. § 26-35-501 (Repl. 1992), there is no corresponding authorization with respect to delinquent taxes. Op. Att'y Gen. 90-040 at n. 1.
Opinion 90-040 thus dealt specifically with delinquent taxes. Your question assumes that the taxes owing on October 10 are tendered in full after the deadline. The penalty and cost, however, remain owing.
It is clear that the collector has a duty to extend and collect the penalty. A.C.A. § 26-36-201 (Supp. 1995). With regard to the collection process, A.C.A. § 26-36-202(b) (Repl. 1992) states that the penalty "shall be collected in the manner provided for the collection of delinquent taxes." This reasonably has reference to the distraint process in regard to personal property (A.C.A. § 26-36-206) and the forfeiture procedures for real property (A.C.A. § 26-37-101 et seq.). While the penalty and cost must therefore be paid in order to redeem the property (see generally Op. Att'y Gen. 92-116), there is no requirement that the penalty and cost must be paid at the time the delinquent taxes are paid.Compare A.C.A. § 26-35-601 (Repl. 1992) (requiring personal property taxes to be collected with real estate taxes).
It is thus my opinion that the collector in all likelihood has the authority to establish a procedure for the county to receive the delinquent tax payment and bill the taxpayer for the penalty and cost.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
WB:EAW/cyh